UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | NO. 2:09-CR-41 |
| | ) | |
| EDWARD EASTWOOD AND | ) | |
| ELINA GROMOVA-EASTWOOD | ) | |

**REPORT AND RECOMMENDATION**

Defendant Elina Gromova-Eastwood has filed two motions to dismiss count one of the indictment, and two motions to dismiss count seven of the indictment. These motions have been referred to the magistrate judge pursuant to the standing order of this Court and 28 U.S.C. § 636. A hearing was held on January 7, 2010.

*MOTION TO DISMISS COUNT 1 (DOC. 149)*

*MOTION TO DISMISS COUNT 7 (DOC. 150)*

Count 1 charges this defendant and her co-defendant, Edward Eastwood, with conspiring to defraud the United States for the purpose of evading Edward Eastwood's obligations to pay federal income taxes.

Count 7 charges both defendants with attempting to evade and defeat Edward Eastwood's legal obligations to pay income taxes for the calendar years 1997 -2004.

In these two motions to dismiss, the defendant Elina Gromova-Eastwood argues that each of these counts "fails to state a claim of legal duty imposed by specific statute [upon] defendant Elina Gromova-Eastwood to pay any income tax liability of someone else, and/or the income tax liability of Edward Eastwood . . . ."

Ms. Elina Gromova-Eastwood's motions miss the point. Assuming *arguendo* that Ms. Gromova-Eastwood had no legal duty to pay Edward Eastwood's income tax liability, she still committed a criminal offense if she conspired with Mr. Eastwood to evade *his* obligation to pay income taxes (count 1) or participated with him in his attempt to do so (count 7). Ms. Gromova-Eastwood's legal obligation to pay income taxes is completely irrelevant to her potential criminal responsibility under either counts 1 or count 7.

***MOTION TO DISMISS COUNT 1, RULE 12(a) (DOC. 161)***

***MOTION TO DISMISS COUNT 7, RULE 12(a) (DOC. 162).***

In each of these motions, the defendant Gromova-Eastwood argues that the statute of limitataions of 18 U.S.C. § 3281 has expired, as a result of which these two counts should be dismissed.

As an initial matter, the applicable statute of limitations to either of these counts is not within Title 18 of the United States Code; rather, it is within Title 26.

26 U.S.C. § 6531 establishes a six-year limitation period for commencing prosecutions arising under the Internal Revenue laws

> (1) for offenses involving the defrauding or attempting to defraud the United States or any agency thereof, whether conspiracy or not, and in any manner; [and] (2) for the offense of willfully attempting in any manner to evade or defeat any tax or the payment thereof; [and] (3) for the offense of willfully aiding or assisting in . . . the preparation . . . of a false or fraudulent return; . . . and (8) for offenses arising under section 371 of Title 18 of the United States Code, where the object of the conspiracy is to attempt in any manner to evade or defeat any tax or the payment thereof.

Thus, with respect to counts 1 and 7, the applicable statute of limitations is six years.

Count 1 alleges a conspiracy that commenced January 5, 1998; however, the six-year

2

limitation period begins to run from the date of the last overt act of the conspiracy proved by the prosecution. *See, Grunewald v. United States*, 353 U.S. 391, 397 (1957). Count 1 alleges that each of the defendants committed overt acts in 2007 in furtherance of the conspiracy. On the assumption that the United States will be able to prove the alleged overt acts, the six-year statute of limitations with respect to the conspiracy charged in count 1 did not begin to run until that time. Therefore, pretrial dismissal of count 1 would be inappropriate.

As far as count 7 (tax evasion) is concerned, the six-year limitation period began to run on the date the last affirmative act took place, or the statutory due date of the subject tax return, whichever is the later date. *United States v. Dandy*, 998 F.2d 1344, 1356 (6th Cir. 1993). The indictment charges that these defendants committed affirmative acts constituting tax evasion up to and including the date of the indictment, as a result of which it would be inappropriate to dismiss count 7 before giving the United States an opportunity to present its evidence.

It is respectfully recommended that this defendant's motions to dismiss counts 1 and 7, (Docs. 149, 150, 161, and 162), be denied.[1]

Respectfully submitted,

     s/ Dennis H. Inman
United States Magistrate Judge

---

[1] Any objections to this report and recommendation must be filed within fourteen (l4) days of its service or further appeal will be waived. 28 U.S.C. 636(b)(1).

3

Case 2:09-cr-00041-JRG   Document 204   Filed 01/07/10   Page 3 of 3   PageID #: 996